UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SYLVESTER GOUCH, #30972-039,**

    Petitioner,

                                 Civil No: 07-CV-14241
                                 Honorable George Caram Steeh
                                 Magistrate Judge R. Steven Whalen

v.

**L.C. EICHENLAUB**,

    Respondent.
_____/

## OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner, Sylvester Gouch, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, asserting that the Bureau of Prisons (BOP) wrongly computed his good time credit ("GTC") based upon his reduced sentence of 99 months[1] as opposed to his original sentence of 120 months imposed by the trial court. Petitioner seeks an additional 94½ days of GTC based upon the 21 months credited him for time he spent in state custody. For the reasons set forth below, the Court will deny the petition.

### I. DISCUSSION

#### A. Good Time Credit

The record indicates that Petitioner has complied with the BOP's administrative remedies as set forth in 28 C.F.R. §542.10-19 (1988). At all levels of Petitioner's administrative remedies,

---

[1] Petitioner was credited 21 months by the trial court to reflect the jail time already served in state custody.

the BOP determined that through its administrative regulation 28 C.F.R. §523.20, it had reasonably interpreted §3624(b) by awarding GTC of 54 days at the end of the actual service of each year. In denying Petitioner's appeal on June 27, 2007, Harrell Watts, the Administrator of National Inmate Appeals, stated that:

> The Bureau of Prisons (Bureau) awards GCT [Good Conduct Time] in accordance with 18 U.S.C. §3624(b). The Bureau has interpreted this statute to authorize the award of GCT only for time actually served rather than the length of the sentence imposed. The Bureau has implemented the language of 18 U.S.C. §3624 through 28 C.F.R. §523.20 and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), which states "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year."
>
> The Court does not actually award credit but may reduce a term pursuant to 5G1.3 of the U.S. Sentencing Guidelines. Once a term is reduced, a prisoner cannot earn GCT for the portion of the sentence removed by the Court. The Bureau's interpretation of 18 U.S.C. §3624(b) has been upheld by every circuit court to consider this issue . . . Your sentence has been correctly computed to comply with 18 U.S.C. §3624(b) and Bureau policy.
>
> Your appeal is denied.

(Pet. Resp., Ex. 5). The relevant statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, . . . subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. §3624(b).

While it is clear that credit accrued up to 54 days per year for each year served, Petitioner has intepreted the provision "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. This

2

interpretation is supported by neither a plain reading of the statute nor current case law which presumes that credit is earned only for the years of actual incarceration. *Petty v. Stine,* 424 F.3d 509, 510 (6th Cir. 2006) (BOP reasonably interpreted statute permitting a federal prisoner to be awarded 54 days of good-time credit per year as permitting good-time credit to be awarded based on time actually served by the prisoner); *Trevino-Casares v. U.S. Parole Commission,* 992 F.2d 1068, 1072 (10th Cir. 1993) ("the application of service credits is governed by 18 U.S.C. §3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving.")

The BOP Program Statement that interprets the relevant statute provides: "54 days of GCT may be earned for each full year on a sentence in excess of one year, with the GCT being prorated for the last partial year." Sentence Computation Manual CCCA, pp. 1-40 and 1-41. It is clear the statute mandates that Petitioner's 54 days of GCT be subtracted from the remainder of his sentence and not from each year he was sentenced. Therefore, Petitioner's habeas claim does not warrant relief.

### B. Certificate of Appealability & Proceeding *In Forma Pauperis*

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. See *Id.* at 90 (quoting, *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an

3

intimate knowledge of both the record and the relevant law,' the district judge is, at that point, often best able to determine whether to issue the COA.")

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show [ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability and certifies that pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith.

## II. CONCLUSION

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus [Dkt. #1] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Time Exten[s]ion of 60 Days Additional Discovery" [Dkt. #8] is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Time Exten[s]ion of Time and Motion for Discovery of Sentencing Transcripts" [Dkt. #9] is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Summary Judgment as to Good Conduct for an Additional 94.5 Days" [Dkt. #10] is **DENIED** as **MOOT**.

Dated: July 21, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk